IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DARREEN TOLLIVER, #256 037 | * | |
| Plaintiff, | * | |
| v. | * | 3:08-CV-37-MHT |
| | | (WO) |
| DAVID JONES LAW FIRM | * | |
| Defendant. | * | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Darreen Tolliver, an inmate incarcerated at the Kilby Correctional Facility, complains that his attorney violated his constitutional rights. Specifically, Plaintiff alleges that counsel rendered ineffective assistance during his state criminal trial proceedings. The named defendant is the David Jones Law Firm. Plaintiff requests injunctive relief and monetary damages. Upon review of the complaint, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

Plaintiff brings suit against his criminal attorney's law firm, the David Jones Law

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Firm. Plaintiff complains that Mr. Jones provided ineffective assistance during his state court criminal proceedings. (*Doc. No. 1*.)

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person[/entity] who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50 (emphasis in original) (citation omitted); *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347-48 (11th Cir. 2001). Here, there is no indication that the David Jones Law Firm acts under color of state law and/or may be considered a state actor. Similarly, an attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law) *Otworth v. Vaderploeg*, 61 F. Appx. 163, 165 (6th Cir. 2003) ( "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983 .").

Since the conduct about which Plaintiff complains was not committed by a person or entity acting under color of state law, the § 1983 claims asserted against the David Jones Law Firm are frivolous because they lack an arguable basis in law. *Neitzke*, 490 U.S. 319, 327 (1989). Plaintiff's claims against this defendant are, therefore, due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent Plaintiff seeks to challenge the validity of his conviction(s), such claim goes to the fundamental legality of his confinement, and, consequently, provides no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Plaintiff's claim that trial counsel provided ineffective assistance during his criminal court proceedings represents a challenge to the constitutionality of his current conviction(s). A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of this conviction(s). It is clear from the complaint that the conviction(s) about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on his current conviction(s) is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court in accordance with

the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's complaint against the David Jones Law Firm be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

2.  Plaintiff's challenge to the validity of his conviction(s) be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3.  This complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 4, 2008**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

5

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done, this 22nd day of January 2008.

                                                                   /s/Terry F. Moorer
                                                                   TERRY F. MOORER
                                                                   UNITED STATES MAGISTRATE JUDGE